IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC DAVID HARRIS,
a/k/a DAVID JOSEPH NORTHRUP,[1]
    Plaintiff,

vs.                                    Case No. 5:08cv4/RS/MD

DANNY LEDONNE,
    Defendant.
_____

### REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed an amended complaint entitled, "Complaint for Negligence Where Defendant Offered Material Harmful to Minors and Injunctive Relief Sought." (Doc. 22). Also pending is plaintiff's amended motion for preliminary injunction. (Doc. 19). Plaintiff has been granted leave to proceed *in forma pauperis*, and has paid the initial partial filing fee. (Docs. 31, 33). For the reasons that follow, the undersigned concludes that this cause should be dismissed.

    Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(e)

---

[1] Plaintiff is incarcerated under the name David Joseph Northrup, DC#V13733. According to court documents submitted with one of his pleadings, he legally changed his name on September 26, 2007 to Eric David Harris. (Doc. 12, p. 5).

"where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is incarcerated in Chipley, Florida.  His amended complaint names one defendant:  Danny Ledonne.  Plaintiff does not identify defendant's place of residence, although a certificate of service attached to one of plaintiff's filings indicates that Mr. Ledonne resides in Colorado. (Doc. 13; *see also* Doc. 16, Attach.). Plaintiff's sole factual allegation is that Mr. Ledonne, through his website www.columbinegame.com, is "giving harmful materials to minors," "inciting violence in student[s]," and "gaining attention and publicity at the expense of the

victims and those adversely affected by the Columbine High School Shootings." (Doc. 22, p. 1). Plaintiff claims this constitutes negligence and "can also be considered criminal in nature." (*Id.*). As a result of defendant's conduct, plaintiff asserts that he "has suffered mental anguish, anxiety, and stress due to the being incarcerated and friends with Eric David Harris, one of the shooters, and the victims are dealing with pain and suffering at the hands of the Defendant." (*Id.*, p. 2). As relief, plaintiff seeks a judgment against the defendant in the amount of $100,000.00 "to be donated to the Columbine Memorial and Victims funds." In addition, plaintiff seeks an award of 10% of all profits from the game/website, and an injunction "against continued use of games related to Columbine or other school shootings, whether real or fiction." (*Id.*).

In order to maintain standing, the plaintiff must show "(1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Cuban American Bar Ass'n v. Christopher*, 43 F.3d 1412 (11th Cir. 1995) (citing *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994); accord *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)). Plaintiff has shown none of that in this case. In addition, with respect to the actual or threatened injury, the plaintiff generally must assert that his own legal rights or interests have been injured as opposed to those of third parties. *Harris*, 20 F.3d at 1121 (citing *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987). In limited instances, a litigant may present a third party claim when three criteria are met:

> the litigant must have suffered an "injury-in-fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Harris*, 20 F.3d at 1122 (quoting *Powers v. Ohio*, 499 U.S. 400, 409-12, 111 S.Ct. 1364,

1370-71, 113 L.Ed.2d 411 (1991)).  Although arguably there is a hindrance to minor children pursuing their own interests, their parents or guardians could presumably do so in their behalf.  And, plaintiff has shown neither an "injury-in-fact," nor a close relation to the minors in question.  Therefore, plaintiff lacks standing to present a third party claim.

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of April, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).